10-0743-cr
United States v. Desrosier

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of June, two thousand eleven.

PRESENT: BARRINGTON D. PARKER,
         DENNY CHIN,
                   Circuit Judges,

         EDWARD R. KORMAN,
                   District Judge[*]

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    10-0743-cr

PATRICK DESROSIER,
         Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT:        KELLEY J. SHARKEY, Law Office of
                                Kelley J. Sharkey, Esq., Brooklyn,
                                New York.

FOR APPELLEE:                   JULIAN J. MOORE, Assistant United
                                States Attorney (Justin Anderson,
                                Assistant United States Attorney,
                                on the brief), for Preet Bharara,
                                United States Attorney for the
                                Southern District of New York, New
                                York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-appellant Patrick Desrosier appeals from a judgment of conviction, entered February 22, 2010, convicting him of conspiracy to distribute cocaine base and cocaine in violation of 21 U.S.C. § 846 and sentencing him principally to a term of imprisonment of 120 months. Following entry of his plea of guilty on April 6, 2009, Desrosier sent a letter pro se to Judge Marrero requesting to withdraw his plea. Several days later his lawyer submitted a letter advising that Desrosier wished to move to withdraw his plea. The district court denied the request on April 24, 2009. We assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to affirm.

On appeal, Desrosier challenges the district court's denial of his motion to withdraw his guilty plea. We review the district court's ruling for abuse of discretion. United States

-2-

v. Doe, 537 F.3d 204, 211 (2d Cir. 2008).  We conclude that the district court applied the correct legal standards in denying Desrosier's motion to withdraw and that it did not abuse its discretion.

Rule 11(d)(2)(B) provides that "a defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  To assess whether a defendant has demonstrated a "fair and just" reason for withdrawing a plea, "a district court should consider inter alia: (1) the amount of time that has elapsed between the plea and motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea."  Doe, 537 F.3d at 210.  This third factor is not dispositive, however, as "[t]he Government is not required to show prejudice when opposing a defendant's motion to withdraw a guilty plea where the defendant has shown no sufficient grounds for permitting withdrawal."  United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir. 1992).  Furthermore, where a motion to withdraw a plea is premised on involuntariness, the defendant must "raise a significant question about the voluntariness of the original plea."  United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997).

Desrosier argues that the district court applied the wrong legal standard, relying on a passing comment made by Judge

-3-

Marrero, that he found no "compelling grounds for a withdrawal." It is clear from the record as a whole, however, that the district court applied the appropriate "fair and just" standard in denying Desrosier's motion to withdraw his plea. At the proceeding on April 24, 2009, for example, the government cited Rule 11(d)(2)(B) to the district court and quoted the "fair and just reason" test. Moreover, the district court weighed the relevant factors outlined in Doe and considered the voluntariness of Desrosier's motion.

First, the district court addressed the timeliness of the request to withdraw, noting that the request was made "shortly after or on the same day" as Desrosier's guilty plea. See Doe, 537 F.3d at 210. As to Doe's second factor, Desrosier did not assert a claim of legal innocence, as he relied primarily on his desire to file suppression motions, which the district court found meritless. Balancing these factors, the district court found Desrosier's grounds for withdrawal "without any basis" and "insufficient." Given this finding, the government was not required to show prejudice. See Gonzalez, 970 F.2d at 1100.

Furthermore, Desrosier presented no real question as to the voluntariness of his plea. He did not express any anxiety or panic at his plea allocution and answered the question "Do you feel ok?" with "Yes. I'm fine." Nor did Desrosier's initial letter asking to withdraw his guilty plea mention any sense or

-4-

state of panic.  Defense counsel's comments at the April 24, 2009, hearing are the only claim of any panic, as Desrosier never submitted an affidavit.  In light of the <u>Doe</u> factors and the absence of any question, much less a "significant question," as to involuntariness, it was well within the district court's discretion to refuse to allow Desrosier to withdraw his plea of guilty.

We have considered all of Desrosier's contentions on appeal and have found them to be without merit.  Accordingly, for the reasons stated above, the judgment of the district court is **AFFIRMED**.

<div style="margin-left: 40%">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

</div>